# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| MARC OLIN LEVY,<br><br>        Plaintiff,<br><br>        v.<br><br>CUMULUS MEDIA INC.,<br><br>        Defendant. | Case No. 11-cv-06616 NC<br><br>**REFERRAL FOR REASSIGNMENT WITH RECOMMENDATION TO DISMISS**<br><br>Re: Dkt. No. 3 |

Plaintiff Marc Olin Levy moves to proceed in forma pauperis ("IFP") under 28 U.S.C. § 1915. Dkt. No. 3. As neither party has not consented to its jurisdiction under 28 U.S.C. § 636(c), this Court does not have authority to make a dispositive ruling in this case. Accordingly, the Court orders that this case be REASSIGNED to a District Judge. The Court RECOMMENDS that Plaintiff's Complaint be dismissed in accordance with 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

## I. STANDARD OF REVIEW

Any person seeking to commence a civil suit in federal district court must pay a filing fee of $350. 28 U.S.C. § 1914(a). A district court has the authority to waive this fee for any person who shows in an affidavit that he or she is unable to pay it. 28 U.S.C. § 1915(a)(1). A district court may dismiss the complaint of an IFP applicant at any time

if it determines that the complaint fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Dismissal under the IFP statute "does not prejudice the filing of a paid complaint making the same allegations." *Denton v. Hernandez*, 504 U.S. 25, 34 (1992).

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading stating a claim for relief must include "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The purpose of the complaint is to give the defendant fair notice of the claims against him and the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). A complaint must state the elements of the plaintiff's claim in a plain and succinct manner. *Jones v. Cmty. Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984). As the Supreme Court noted, "Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted). Though pro se pleadings are held to "less stringent standards" than pleadings drafted by attorneys, conclusory and vague allegations do not support a cause of action. *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

## II. DISCUSSION

Levy has established that he is unable to pay the filing fee required to file a complaint. *See* IFP Application, Dkt. No. 3. Levy's Complaint, however, fails to state a claim upon which relief may be granted. In his Complaint, Levy claims that a radio announcer and employee of Defendant Cumulus Media Inc. made an "anti-semitic slur," which offended Levy. Complaint, Dkt. No. 1. Specifically, he alleges that the use of the phrase "T-Brew," referencing NFL football player Tim Tebow, in connection with commentary on the Last Supper was an anti-semitic reference. *Id.* He claims the "racist, anti-semitic statement" was personally offensive to him. *See id.*; *see also* Civil Cover Sheet, Dkt. No. 1-1. Plaintiff seeks money damages for the alleged offensive statements.

1  Plaintiff asserts the basis for his claim is "federal hate crimes law." Dkt. No. 1-1.
2  Plaintiff, however, fails to plead any statute or theory of common law that makes the
3  alleged act of "hate" actionable. Nor does the Complaint contain factual allegations from
4  which it could be inferred that defendant acted with a discriminatory purpose. *See Iqbal*,
5  129 S. Ct. at 1949 (respondent's complaint failed to assert factual allegation sufficient to
6  plausibly suggest petitioners' discriminatory state of mind). Even a liberal construction
7  of a complaint cannot supply essential elements of a claim that were not initially pled.
8  *Ivey*, 673 F.2d at 268. Because the Complaint is devoid of any factual allegations to
9  support Levy's assertion that he was the victim of a hate crime or suffered racial or
10 religious discrimination, the Court recommends that Plaintiff's Complaint be dismissed.

IT IS SO ORDERED.

DATED: January 17, 2012

_____
NATHANAEL M. COUSINS
United States Magistrate Judge